[Cite as *State v. Harris*, 2015-Ohio-4961.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-141 |
| v. | : | (C.P.C. No. 13CR-6366) |
| Joshua A. Harris, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 1, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Valerie B. Swanson,* for appellee.

*Todd W. Barstow,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Joshua A. Harris is appealing from the sentence he received following his convictions for aggravated robbery with a one year firearm specification and for having a weapon while under disability. He assigns a single error for our consideration:

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT.

{¶ 2} Harris received a sentence of one year of incarceration as a result of the firearm specification. He received concurrent sentences of nine years as a result of the aggravated robbery charge and the weapon while under disability charge. Since the sentences for the firearm specifications had to be served prior to the nine year sentences for the underlying charges, his trial sentence of incarceration was ten years.

{¶ 3}   As noted in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, a trial court judge has full discretion to impose any sentence within the range authorized by statute. The sentence imposed on Harris was clearly authorized by statute.

{¶ 4}   On appeal, counsel for Harris argues that the trial court judge failed to abide by the requirements set forth in R.C. 2929.11 and 2929.12. The record before us does not support that argument. Having reviewed the transcript of the sentencing hearing and related record, we find the sentence to be completely appropriate and consistent with R.C. 2929.11 and 2929.12.

{¶ 5}   Appellant's single assignment of error is overruled.

{¶ 6}   Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common pleas.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____